# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CIARA BRICE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS JEFFERSON UNIVERSITY; THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC.; JEFFERSON HEALTH CORPORATION; JEFFERSON UNIVERSITY PHYSICIANS; JEFFERSON MEDICAL GROUP; ABINGTON MEMORIAL HOSPITAL; LANSDALE HOSPITAL; EINSTEIN MEDICAL CENTER MONTGOMERY; ALBERT EINSTEIN MEDICAL CENTER; THE MAGEE MEMORIAL HOSPITAL FOR CONVALESCENTS; JEFFERSON HEALTH–NORTHEAST; KENNEDY UNIVERSITY HOSPITAL, INC.; LEHIGH VALLEY HOSPITAL, INC.; LEHIGH VALLEY HOSPITAL – HAZELTON; LEHIGH VALLEY HOSPITAL – SCHUYLKILL; LEHIGH VALLEY HOSPITAL – POCONO; LEHIGH VALLEY PHYSICIAN GROUP; EINSTEIN PRACTICE PLAN, INC.; EINSTEIN COMMUNITY HEALTH ASSOCIATES; FORNANCE PHYSICIAN SERVICES; HEALTH NETWORK LABORATORIES, LLC; PARTNERS INSURANCE COMPANY, INC.; HEALTH PARTNERS PLANS, INC.; and PHILADELPHIA UNIVERSITY, <br><br> Defendants. | Case No. <br><br> CLASS ACTION <br><br> JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff Ciara Brice, individually and on behalf of all others similarly situated, brings this collective and class action against Defendants Thomas Jefferson University, Thomas Jefferson University Hospitals, Inc., Jefferson Health Corporation, Jefferson University Physicians, Jefferson Medical Group, Abington Memorial Hospital, Lansdale Hospital, Einstein Medical Center Montgomery, Albert Einstein Medical Center, The Magee Memorial Hospital for Convalescents, Jefferson Health–Northeast, Kennedy University Hospital, Inc., Lehigh Valley Hospital, Inc., Lehigh Valley Hospital – Hazelton, Lehigh Valley Hospital – Schuylkill, Lehigh Valley Hospital – Pocono, Lehigh Valley Physician Group, Einstein Practice Plan, Inc., Einstein Community Health Associates, Fornance Physician Services, Health Network Laboratories, LLC, Partners Insurance Company, Inc., Health Partners Plans, Inc., and Philadelphia University (collectively, "Jefferson"), for violations of the federal Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. §§ 2101–2109, and for breach of contract.

### INTRODUCTION

1. Defendants are related entities that operate as an integrated healthcare system known as "Jefferson Health," which provides medical services throughout the Greater Philadelphia region.

2. In November 2025, Defendants carried out a mass layoff that resulted in the termination of at least 500 full-time employees, including Plaintiff.

3. Defendants violated the WARN Act by providing no advance notice of the terminations to Plaintiff or the other affected employees.

4. Instead, Defendants notified Plaintiff and other affected employees of their termination on the day of the layoff, presenting them with severance agreements purporting to forfeit their WARN Act rights.

5. In addition to violating the WARN Act, Defendants have failed to pay the promised severance to the terminated employees, including Plaintiff.

6. Defendants' failure to provide advance notice of the mass layoffs violated the WARN Act.

7. Separately, Defendants' failure to pay the promised severance to affected employees constitutes a breach of contract.

8. Plaintiff asserts both claims as a class action under Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

9. Plaintiff Ciara Brice is an adult individual residing in Philadelphia County, Pennsylvania.

10. Plaintiff was employed as a medical assistant for Jefferson Health from January 2023 until November 12, 2025, when she was terminated without notice.

11. Plaintiff constitutes an "aggrieved employee" within the meaning of the WARN Act.

12. According to her pay records, Plaintiff's direct employer was Jefferson University Physicians. However, her proposed severance agreement identifies all the named Defendants as related business entities operating under the common control of Thomas Jefferson University.

13. Defendant Thomas Jefferson University is a Pennsylvania domestic non-profit corporation with its principal place of business at 1101 Market Street, Suite 2400, Philadelphia, PA 19107.

14. Defendant Thomas Jefferson University Hospitals, Inc. is a Pennsylvania domestic non-profit corporation with its principal place of business at 1101 Market Street, Suite 2400, Philadelphia, PA 19107.

15. Defendant Jefferson Health Corporation is a Pennsylvania domestic non-profit corporation with its principal place of business at 1101 Market Street, Suite 2400, Philadelphia, PA 19107.

16. Defendant Jefferson University Physicians is a Pennsylvania domestic non-profit corporation with its principal place of business at 1101 Market Street, Suite 2400, Philadelphia, PA 19107.

17. Defendant Jefferson Medical Group is a Pennsylvania domestic non-profit corporation with its principal place of business at 1101 Market Street, Suite 2400, Philadelphia, PA 19107.

18. Defendant Abington Memorial Hospital is a Pennsylvania domestic non-profit corporation with its principal place of business at 1101 Market Street, Suite 2400, Philadelphia, PA 19107.

19. Defendant Lansdale Hospital is a Pennsylvania domestic non-profit corporation with its principal place of business at 1101 Market Street, Suite 2400, Philadelphia, PA 19107.

20. Defendant Einstein Medical Center Montgomery is a Pennsylvania domestic non-profit corporation with its principal place of business at 1101 Market Street, Suite 2400, Philadelphia, PA 19107.

21. Defendant Albert Einstein Medical Center is a Pennsylvania domestic non-profit corporation with its principal place of business at 1101 Market Street, Suite 2400, Philadelphia, PA 19107.

22. Defendant The Magee Memorial Hospital for Convalescents is a Pennsylvania domestic non-profit corporation with its principal place of business at 1101 Market Street, Suite 2400, Philadelphia, PA 19107.

23. Defendant Jefferson Health–Northeast is a Pennsylvania domestic non-profit corporation with its principal place of business at 1101 Market Street, Suite 2400, Philadelphia, PA 19107.

24. Defendant Kennedy University Hospital, Inc. is a New Jersey domestic non-profit corporation with its principal place of business at 1101 Market Street, Suite 2400, Philadelphia, PA 19107.

25. Defendant Lehigh Valley Hospital, Inc. is a Pennsylvania domestic non-profit corporation with its principal place of business at 707 Hamilton Street, 9th Floor, Allentown, PA 18101.

26. Defendant Lehigh Valley Hospital – Hazelton is a Pennsylvania domestic non-profit corporation with its principal place of business at 707 Hamilton Street, 9th Floor, Allentown, PA 18101.

27. Defendant Lehigh Valley Hospital – Schuylkill is a Pennsylvania domestic non-profit corporation with its principal place of business at 707 Hamilton Street, 9th Floor, Allentown, PA 18101.

28. Defendant Lehigh Valley Hospital – Pocono is a Pennsylvania domestic non-profit corporation with its principal place of business at 707 Hamilton Street, 9th Floor, Allentown, PA 18101.

29. Upon information and belief, Defendant Lehigh Valley Hospital – Pocono also operates under the fictitious name "Lehigh Valley Hospital – Dickson City."

30. Defendant Lehigh Valley Physician Group is a Pennsylvania domestic non-profit corporation with its principal place of business at 2100 Mack Boulevard, 3rd Floor, P.O. Box 4000, Allentown, PA 18105.

31. Defendant Einstein Practice Plan, Inc. is a Pennsylvania domestic non-profit corporation with its principal place of business at 1101 Market Street, Suite 2400, Philadelphia, PA 19107.

32. Defendant Einstein Community Health Associates is a Pennsylvania domestic non-profit corporation with its principal place of business at 1101 Market Street, Suite 2400, Philadelphia, PA 19107.

33. Defendant Fornance Physician Services is a Pennsylvania domestic non-profit corporation with its principal place of business at 1101 Market Street, Suite 2400, Philadelphia, PA 19107.

34. Defendant Health Network Laboratories, LLC is a Pennsylvania domestic non-profit corporation with its principal place of business at 707 Hamilton Street, 9th Floor, Allentown, PA 18101.

35. Defendant Partners Insurance Company, Inc. is a Pennsylvania domestic non-profit corporation with its principal place of business at 1101 Market Street, Suite 2400, Philadelphia, PA 19107.

36. Defendant Health Partners Plans, Inc. is a Pennsylvania domestic non-profit corporation with its principal place of business at 1101 Market Street, Suite 2400, Philadelphia, PA 19107.

37. Defendant Philadelphia University is a Pennsylvania domestic non-profit corporation with its principal place of business at 1101 Market Street, Suite 2400, Philadelphia, PA 19107.

38. Defendants operate as a single employer and integrated enterprise—known as "Jefferson Health"—within the meaning of the WARN Act, with: (a) common ownership; (b)

interrelated operations; (c) common management and HR functions; and (d) centralized control over labor relations.

39. Defendants, collectively and individually, constitute an "employer" within the meaning of the WARN Act.

## JURISDICTION AND VENUE

40. This Court has subject-matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

41. This Court has supplemental jurisdiction over Plaintiff's state-law claim pursuant to 28 U.S.C. § 1367.

42. Venue is proper under 28 U.S.C. § 1391 because the events and omissions giving rise to Plaintiff's claims occurred within this District.

## FACTUAL BACKGROUND

43. Plaintiff was terminated by Jefferson Health on November 12, 2025.

44. Plaintiff received no advance notice of her termination.

45. On the date of her termination, Plaintiff was presented with a severance agreement offering four weeks' pay in exchange for a general release and purporting to bar her from asserting claims under the WARN Act.

46. Although Plaintiff executed the severance agreement on the date of her termination, she has not received any severance pay and, in any event, the promised four weeks' pay is less than what Plaintiff is entitled to under the WARN Act.

47. Upon information and belief, Defendants terminated at least 500 full-time employees in November 2025, constituting a "mass layoff" within the meaning of the WARN Act.

48. Upon information and belief, none of the affected employees received advance notice of their termination, much less the 60 days' advance notice required under the WARN Act.

49. Upon information and belief, Defendants have also failed to provide severance pay to other terminated employees.

50. Upon information and belief, the severance pay that Defendants offered to the terminated employees is less than what the WARN Act would otherwise provide.

## CLASS ACTION ALLEGATIONS

51. Plaintiff brings her WARN Act and breach of contract claims on behalf of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

52. Plaintiff seeks certification of classes consisting of:

> All full-time employees who were terminated as part of the Defendants' mass layoff carried out in November 2025, and who did not receive 60 days' advance written notice of their termination.
>
> All employees who executed severance agreements with Defendants and were not paid the promised severance.

53. The class members are so numerous that joinder is impracticable.

54. Proceeding as a class action is superior to numerous individual actions and will promote judicial economy and consistent adjudication.

55. Individual litigation would be economically infeasible for class members and would unnecessarily burden the courts.

56. Questions of law and fact common to the class predominate over any individual issues. These common questions include, without limitation:

    a. Whether Defendants violated the WARN Act;

      b.      Whether the severance agreements presented to Plaintiff and other Class members bar them from exercising their rights under the WARN Act;

      c.      Whether Defendants breached the severance agreements by failing to pay the promised severance; and

      d.      The proper measure of damages owed to Plaintiff and the Class under the WARN Act and the severance agreements.

57.    The class is readily ascertainable from the Defendants' payroll, timekeeping, and employment records.

58.    Plaintiff will fairly and adequately represent the interests of the class and has no interests antagonistic to those of the class.

59.    Absent class certification, the Defendants will retain the benefits of their unlawful practices and class members will be left without an adequate remedy.

60.    Class litigation is necessary because individual actions would create a risk of inconsistent adjudications that could establish incompatible standards of conduct for the Defendants.

61.    Certification of the class will ensure uniform resolution of common questions of law and fact and will protect class members' rights through a single, efficient proceeding.

62.    Plaintiff's counsel is experienced in class litigation and will adequately represent the class.

**FIRST CAUSE OF ACTION**
**Federal WARN Act**

63.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

64.    Plaintiff and the Class are entitled to the rights, protections, and benefits provided under the federal WARN Act, 29 U.S.C. §§ 2101–2109.

65. Defendants were, and are, subject to the WARN Act's notice and backpay requirements because they constitute a business enterprise that employed 100 or more employees, excluding part-time employees, and/or employed 100 or more employees who collectively worked at least 4,000 hours per week (exclusive of overtime).

66. In November 2025, Defendants carried out a mass layoff but failed to provide Plaintiff and the other affected employees with the advance written notice required under the WARN Act.

67. Upon information and belief, Defendants terminated at least 500 full-time employees within a 30-day period, triggering WARN obligations regardless of percentage thresholds.

## SECOND CAUSE OF ACTION
### Breach of Contract

68. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

69. In connection with the November 2025 mass layoff, Defendants presented Plaintiff and other terminated employees with written severance agreements.

70. Under the terms of these agreements, Defendants promised to pay each terminated employee a specified amount of severance pay in exchange for a general release of claims.

71. Plaintiff executed her severance agreement on the date of her termination, thereby satisfying all conditions precedent to Defendants' obligation to provide the promised severance pay.

72. The severance agreements are invalid and unenforceable to the extent they purport to waive nonwaivable WARN Act rights.

73. Even if enforceable, Defendants materially breached the agreements by failing to pay the promised severance.

74. Defendants' failure to pay the severance amounts promised in those agreements constitutes a material breach of contract.

75. As a direct and proximate result of Defendants' breach, Plaintiff and the Class have suffered damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court enter judgment in her favor and against Defendants:

a. Certifying the proposed classes;

b. Designating Plaintiff as representative of the class;

c. Appointing Plaintiff's counsel as class counsel;

d. Declaring that Defendants violated the WARN Act;

e. Awarding damages under the WARN Act, including back pay, benefits, and all other relief available for each day of violation up to 60 days, pursuant to 29 U.S.C. § 2104;

f. Declaring that Defendants breached the severance agreements presented to Plaintiff and the Class;

g. Awarding damages for Defendants' failure to pay the severance compensation promised to Plaintiff and the Class;

h. Pre-judgment and post-judgment interest on all monetary awards, to the fullest extent permitted by law;

i. An award of attorneys' fees and costs pursuant to the WARN Act, 29 U.S.C. § 2104(a)(6), and other applicable law;

j. Injunctive or other equitable relief as the Court deems just and proper, including orders preventing Defendants from enforcing unlawful releases purporting to waive WARN Act rights; and

k.      Such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 25, 2025

Respectfully submitted,

_____
Jeremy E. Abay (PA # 316730)
POND LEHOCKY GIORDANO, INC.
2005 Market Street, 18th Floor
Philadelphia, PA 19103
(856) 528-8115
jabay@pondlehocky.com

*Attorneys for Plaintiff*